**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:04CV187-H**

| | | |
|---|---|---|
| **CARAUSTAR INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **NORTH GEORGIA CONVERTING, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

   **THIS MATTER** is before the Court on the "Defendant's Motion for Protective Order ..." (document #19) and "Memorandum in Support ..." (document #20), both filed July 21, 2005; and the Plaintiff's "Response ..." (document #21) filed August 8, 2005.[1]

   On August 22, 2005, the Defendants filed their "Reply in Support of Motion for Protective Order" (document #23).

   The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and the remaining motion is now ripe for determination.

   Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant in part</u> and <u>deny in part</u> the Defendant's Motion for Protective Order, as discussed below.

---

   [1]The same day, the Plaintiff filed a "Cross-Motion to Compel" (document #22), which it withdrew by letter dated August 30, 2005 (docketed by the Clerk as a "Notice of Withdrawal of Motion," document #24), but indicating that it still sought to depose the Defendant according to the terms of its "Rule 30(b)(6) Deposition Notice" that is the subject of the Defendant's Motion for Protective Order.

# I. <u>FACTUAL AND PROCEDURAL HISTORY</u>

This is a patent infringement action seeking damages and equitable relief.    The Plaintiff, Caraustar Industries, Inc., a North Carolina corporation, is the owner of a patent for a  "Winding Core Having Integral Entangling Mechanism" ("the '641 patent"), and has accused Defendant North Georgia Converting, Inc., a Georgia corporation, of manufacturing a winding core that infringes that patent.  According to the '641 patent, the winding core is useful for winding and storing a nonwoven web or other fabric material, that is, the entangling mechanism on the core ensnares an end of the nonwoven web and holds it in place on the winding core during the initial winding of the web around the core.

Relevant to the subject Motion for Protective Order, on July 7, 2005, the Plaintiff served a "Rule 30(b)(6) Deposition Notice," setting the Defendant's Rule 30(b)(6) deposition for July 21, 2005, and listing 42 topics on which the Plaintiff was seeking testimony.[2]

By letter from its counsel and in its present briefs, the Defendant objected to the scope of the proposed deposition, specifically objecting to four groups of topics,[3] as follows:

(1) Topics Nos. 1 and 2 relating to Defendant's "overall business."   The Defendant objects that the Plaintiff has not designated specific areas of inquiry and offers to make a witness or

---

[2]Fed. R. Civ. P. 30(b)(6) provides:

A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

[3]The Court has adopted the grouping and description of the topics as used by the parties in their briefs.

witnesses available "to provide an overview of [Defendant's] business and engineering practices ... [and] to testify regarding the nature of [Defendant's] business operations as they relate to the allegedly infringing product."   Defendant's "Reply ..." at 2 (document #23).

(2) Topics Nos. 12-28 and 37-40 regarding "the basis and all supporting facts" concerning the denials and affirmative defenses raised both in the Defendant's Answer and its responses to the Plaintiff's written discovery.   The Defendant objects to these topics because they would require defense counsel "to provide a crash course on patent law to an employee of [Defendant] with no legal training, so that the witness can then testify on every legal theory and objection that has been presented in this case," Defendant's   "Memorandum in Support ..." at 4 (document #20), and contends that the Plaintiff should be permitted to inquire into these topics only through the submission of additional interrogatories.   In the alternative, the Defendant proposes to "designate a witness to testify regarding facts relating to [these] topics."   Id. at 6.

(3) Topic Nos. 29, 31, 33, 35, and 36 regarding Defendant's sales of winding cores.   The Defendant objects to the extent that these topics include "completely smooth cores that are free of any entanglement mechanism" which are beyond the scope of the Plaintiff's present allegations of infringement.   Id. at 6.   The Defendant previously has provided the Plaintiff with a sample of a smooth winding core, and in its Memorandum in Support, offered to withdraw its objection in the event that the Plaintiff alleged in its response brief that the smooth core infringed its patent.

(4) Topic Nos. 30, 32, and 34 regarding Defendant's sales, profit, and costs.   The Defendant objects to the broad scope of these topics, but offers to designate a witness to testify concerning sales, profits, and costs relating to the accused product.

The parties' counsel attempted to resolve these disputes through the exchange of several

letters but were unsuccessful.

On July 21, 2005, the Defendant filed its Motion for Protective Order.

On August 8, 2005, the Plaintiff filed its "Response," contending that the liberal scope of discovery allowed under Fed. R. Civ. P. 26 permits it to inquire generally into the nature of the Defendant's business, its sales of winding cores, and its financial records, that is, without limiting the scope of the deposition to the allegedly-infringing product. The Plaintiff has not stated whether it believes Defendant's smooth winding cores infringes its patent. Concerning the scope of its inquiry into the basis for the Defendant's denials and affirmative defenses, however, the Plaintiff concedes that it is entitled to probe only the Defendant's designated witnesses' knowledge of the "underlying facts in question, not [the Defendant's or its counsel's] legal conclusions." Plaintiff's "Response ..." at 13 (document #21).

In their briefs, the parties request that the discovery and dispositive motions deadlines be extended by the same number of days that the Rule 30(b)(6) deposition, originally set for July 21, 2005, is ultimately delayed.

The Defendant's motion has been fully briefed and is, therefore, ripe for determination.

## II. DISCUSSION

### A. Discovery and Motions to Compel

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need

> not be admissible at the trial if the information sought appears reasonably calculated
> to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. <u>See</u> <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979); <u>and</u> <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. <u>See</u> Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion for a protective order is generally left within the district court's broad discretion. <u>See, e.g.,</u> <u>Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.</u>, 43 F.3d 922, 929 (4th Cir. 1995) (district courts' rulings on discovery motions reviewed on appeal for abuse of discretion); <u>Erdmann v. Preferred Research Inc.</u>, 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); <u>and</u> <u>LaRouche v. National Broadcasting Co.</u>, 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The district court's discretion extends to the question of whether a party may inquire into particular matters through a Rule 30(b)(6) deposition or be limited to propounding interrogatories, and such determinations are made on a case-by-case basis. <u>See</u> <u>United States v. Duke Energy Corporation</u>, 208 F.R.D. 553, 557 (M.D.N.C. 2002) (permitting Rule 30(b)(6) deposition concerning "data" underlying affirmative defense); <u>In re Independent Service Organizations Antitrust Litigation</u>, 168 F.R.D. 651, 654-55 (D. Ks. 1996) (entering protective order limiting plaintiff to use of interrogatories concerning affirmative defenses); <u>United States v. Taylor</u>, 166 F.R.D. 356, 361 (M.D.N.C. 1996) ("whether a Rule 30(b)(6) deposition or a[n] ... interrogatory is more appropriate will be a case by case factual determination"); <u>and</u> <u>Marker v. Union Fidelity Life Ins. Co.</u>, 125 F.R.D. 121, 125 (M.D.N.C. 1989) (plaintiff permitted to conduct Rule 30(b)(6) deposition

concerning affirmative defenses).

Applying these principles to the facts in this case, the Court concludes as an initial matter that the Plaintiff should be allowed to conduct a Rule 30(b)(6) deposition, including inquiring into the facts underlying the Defendant's denials and affirmative defenses (Topics Nos. 12-28 and 37-40). As the Plaintiff concedes in its brief, however, it may not question the Defendant's designated witnesses concerning their, the Defendant's, or its counsel's legal conclusions.

Concerning whether the Plaintiff may inquire generally into the Defendant's "overall business," sales of winding cores, and financial status, that is, without regard for whether the information relates to the accused product, the Court must balance the Plaintiff's right to conduct meaningful discovery with the Defendant's right to avoid the expense caused by and the intrusion inherent in overly-broad discovery. In regard to the Defendant's business and engineering practices (Topics Nos. 1 and 2), the undersigned concludes that the Defendant's offer to designate a witness or witnesses who can provide an "overview" of its operations and also testify more specifically regarding the nature of the Defendant's business and engineering practices as they relate to the allegedly-infringing winding core strikes a reasonable balance between the parties' competing interests.

Other than the general overview of the Defendant's business, however, and absent a contention that the Defendant's "smooth" winding cores infringe the Plaintiff's patent, the deposition must otherwise be confined to the design, manufacture, and sale of winding cores (Topic Nos. 29, 31, 33, 35, and 36) that have some type of "entangling mechanism" or that are otherwise not entirely "smooth," as the parties have used those terms in their briefs. For these purposes, any winding core design that was initially "smooth," but was subsequently modified to contain any type of entangling

mechanism, is within the permitted scope of the deposition, that is, the Plaintiff may inquire into the differences between the core in its original and modified states.

For the same reasons, concerning the Plaintiff's financial information (Topic Nos. 30, 32, and 34), the Plaintiff may question the Defendant about those revenues, costs, and profits arising from or incurred as a result of sales of allegedly-infringing winding cores. This inquiry will be sufficient, should the Plaintiff prevail on the issue of infringement, to permit it to calculate the royalty or other damages that the Defendant might be required to pay, but without subjecting the Defendant to overbroad intrusion into its finances generally.

## III.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  The "Defendant's Motion for Protective Order ..."  (document #19) is **GRANTED IN PART** and **DENIED IN PART**, that is, at a date and time mutually agreeable to the parties, but no later than October 21, 2005, the Defendant shall make available a witness or witnesses pursuant to Rule 30(b)(6), at the location previously noticed by the Plaintiff, but only as to and within the modified topics and scope discussed above.

2.  The discovery deadline is extended until November 30, 2005, and the dispositive motions deadline is extended until January 15, 2006.

3.  The Clerk is directed to send copies of this Memorandum and Order  to counsel for the parties.

**SO ORDERED.**

**Signed: September 9, 2005**

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge